CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

MICHAEL G. LAGRAMA (CABN 252734)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-436-7241
FAX: (415) 436-7234
Michael.Lagrama@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSHUA DEPUCCI,<br>Defendant. | **CASE NO. 3:23-cr-00166-02 HSG**<br>**UNITED STATES' SENTENCING MEMORANDUM**<br>Date: August 12, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Haywood G. Gilliam Jr. |

## I. INTRODUCTION

In 2023, Defendant Joshua Depucci was indicted on two counts of possession with intent to distribute a controlled substance (*i.e.*, fentanyl and methamphetamine, respectively) in violation 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Counts One and Two). Pursuant to a plea agreement, Depucci pled guilty to Count One (Possession with Intent to Distribute Fentanyl). Under the terms of the plea agreement, if Depucci successfully completes the Convictions Alternative Program (CAP), the United States will recommend a sentence of time served and move for dismissal of Count Two (Possession with Intent to Distribute Methamphetamine). Given Depucci's successful completion of CAP and his outstanding rehabilitative achievements, the government respectfully recommends that he be sentenced to time served for Count One followed by three years on supervised release. During the sentencing

hearing, the government will also move to dismiss Count Two, in accordance with the plea agreement.

## II. BACKGROUND

### A. Circumstances of Offense[1]

On or about April 25, 2023, at around 5:48 p.m., co-defendants Isaac Estrada and Depucci were selling drugs near Hyde and Fulton Street in San Francisco, California, within the Northern District of California. Depucci held on to the drugs, which were inside a backpack that he was wearing, while Estrada negotiated the sale of the drugs with various individuals on the streets. After San Francisco Police Department officers observed Estrada and Depucci engage in hand-to-hand drug sales, the officers detained them and searched Depucci's backpack. Inside the backpack, officers found approximately 254 gross grams of fentanyl and 260 gross grams of methamphetamine, among other drugs. The drugs were inside multiple plastic baggies. Estrada and Depucci jointly possessed the fentanyl and methamphetamine with the intent to sell the drugs to other persons.

### B. Procedural History

In an Indictment filed on June 6, 2023, Estrada and Depucci were charged with (1) Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One), and (2) Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C.§§ 841(a)(1) and (b)(1)(C) (Count Two). The Indictment also contains an Aiding and Abetting allegation under 18 U.S.C. § 2(a) for each count and a criminal forfeiture allegation pursuant to 21 U.S.C. § 853.

Estrada pled guilty and was sentenced on October 4, 2023.[2] Subsequently, on August 28, 2024, Depucci pled guilty to Count One of the Indictment pursuant to a plea agreement. Under the terms of the plea agreement, the government will move to dismiss Count Two upon Depucci's successful completion of CAP.

[1] The factual assertions in this brief are based on the confidential Presentence Investigation Report, plea agreement, and incident report in this case.

[2] On October 4, 2023, Estrada pled guilty to Counts One and Two of the Indictment via a Fast Track disposition. He was sentenced to time served plus one day in custody followed by three years on supervised release. Estrada, who was not legally in the United States, was later transferred to the custody of U.S. Immigration and Customs Enforcement.

**C. Sentencing Guidelines Calculation**

The parties' and U.S. Probation agree on the following advisory Guidelines calculation.

| | | |
|---|---|---|
| a. | Base Offense Level, U.S.S.G. §2D1.1(c)(5): (at least 1,000 KG but less than 3,000 KG of converted drug weight) | 30 |
| b. | Acceptance of Responsibility: If defendant meets the requirement of U.S.S.G section 3E1.1., he may be entitled to a three-level reduction for acceptance of responsibility, provided guilt is admitted, he cooperates with Court and the Probation office in any presentence investigation ordered by the Court, and continued manifestation of acceptance of responsibility through and including the time of sentencing. | -3 |
| c. | Adjusted Offense Level: | 27 |

U.S. Probation also determined that Depucci has five criminal history points (Criminal History Category III) and is subject to a Guidelines sentencing range of 87 to 108 months. U.S. Probation recommends that Depucci be sentenced to time served (a downward variance) followed by three years on supervised release.

## III. DISCUSSION

**A. Legal Standards**

The Court should impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also* 18 U.S.C. § 3553(a). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the advisory Guidelines. *Id.*

After determining the appropriate advisory Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness considering the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93. Under Section 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider various factors:

(1) The nature and circumstances of the offenses and the history and characteristics of the defendant;

(2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) The need for the sentence imposed to protect the public from further crimes of the defendant; and

(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**B. Sentencing Recommendation by the United States**

Given his successful completion of CAP and exemplary rehabilitative achievements, the United States respectfully recommends that the Court sentence Depucci to time served, followed by three years of supervised release.

Regarding the circumstances of the offense, Depucci was engaged in street-level drug dealing in San Francisco on April 25, 2023. At the time, Estrada and Depucci jointly possessed with intent to distribute or sell approximately 254 gross grams of fentanyl and 260 gross grams of methamphetamine, among other drugs. Given the significant quantity of drugs involved and the deadly nature of fentanyl, Depucci's offense is particularly serious. Indeed, under the applicable Guidelines sentence, Depucci is subject to a custodial sentence of 87 to 108 months. However, the record indicates that Depucci was holding the drugs for the primary drug dealer, Estrada, and that Depucci did so for the promise drugs of (rather than money). Depucci was battling his own drug addiction at the time, and therefore, it appears that Depucci committed the offense to feed his own addiction. Depucci has since taken responsibility for his actions by pleading guilty and realizes he was enabling the drug addiction of others by selling them drugs.

This is not Depucci's first brush with the law. He has two convictions for using a false check, one conviction for possessing personal identification with intent to defraud, and one conviction for knowingly receiving stolen property. But these offenses are all misdemeanors, and Depucci has no prior convictions involving violent conduct or other more serious, felony offenses. Between 2019 and 2023, Depucci was also arrested eight times for drug-related offenses, including possession of narcotics and drug paraphernalia, and possession of narcotics for sale. But Depucci's arrests (and, indeed, his conviction record) seem to underscore that he has had a longstanding substance abuse disorder.

To his credit, in the last year or so, Depucci has engaged in tremendous efforts to maintain his sobriety and to lead a productive life. Despite suffering from drug addiction since he was at least 14 years old, Depucci, who is now 36, has been sober for over a year now. And he has successfully

completed CAP under this Court's supervision. To be sure, this was not an easy road. Depucci has suffered from drug addiction for decades and has been in and out of various drug treatment programs. He has overdosed several times and has nearly died from his addiction to fentanyl and methamphetamine. Depucci has also experienced bouts of homelessness. At the time of the offense in 2023, he had been homeless for six or seven years. And while the instant criminal case was pending, including while he was in CAP, Depucci relapsed several times. But each time, Depucci got back up, went to a detox facility, and completed a residential drug treatment program to regain his sobriety. Depucci started CAP in October 2024, and through his hard work and determination, he will graduate from CAP this month. Thus, despite the challenges of overcoming a decades-long drug addiction, Depucci has upheld his part of the bargain with the government by successfully completing CAP.

To maintain his sobriety, Depucci actively participates in rehabilitation programs in the community. He is involved in a Narcotics Anonymous (NA) Youth Committee, which he attends every first and third Sunday of each month. For this NA group, he coordinates events and mentors the youth. Depucci also intends to continue participating in CAP after he graduates so that he can help others who are battling addiction and facing criminal proceedings. Importantly, Depucci recognizes the need for him to maintain life-long sobriety. To that end, Depucci takes medication to minimize his cravings for narcotics and participates in therapy sessions to fortify his mental and emotional health.

Depucci has worked on improving other areas of his life, including his personal relationships. Depucci now lives with his parents in Santa Rosa, and he does chores around the home. His parents are proud of his recovery and provide him with steady and positive support. Depucci also maintains communication with his two siblings and other family members, and he has reconnected with a childhood friend who is a police officer. Thus, as Depucci rebuilds his life, Depucci has a stable home and the support of family and friends.

Depucci is also engaged in productive work and positive leisure activities. He helps maintain the family's rental properties and works in the family's painting business, alongside his father. Depucci is currently creating a website and developing marketing and customer services tools for the family business. Depucci has skills as a handyman and painter, and his father wants him to eventually take over the business. For leisure, Depucci goes fishing, does gardening, and attends fellowship. In the

future, Depucci plans to start a family and serve as a sobriety sponsor. In short, Depucci has taken his rehabilitation seriously, and his actions demonstrate his determination to be a productive and law-abiding member of society.

Accordingly, the government respectfully requests that Depucci be sentenced to time served plus three years on supervised release. While on supervised release, Depucci will be subject to reasonable conditions, such as regular drug testing and substance abuse treatment, to ensure his continued recovery.

## CONCLUSION

The United States respectfully requests that the Court sentence Depucci to time served followed by three years on supervised release and dismiss Count Two of the Indictment.

DATED: August 4, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

***/s/ Michael G. Lagrama***
MICHAEL G. LAGRAMA
Assistant United States Attorney